CAMPBELL et al. v. STRATTON et al.

SAME v. HOUTAIN.

(Circuit Court, E. D. New York. April 13, 1900.)

PATENTS—INFRINGEMENT—CIGAR-TIP CUTTERS.
   The Campbell patent, No. 533,207, for a cigar-tip cutter, discloses invention, and is valid. Claim 4 also *held* infringed by a cutter made under the Brunhoff and Lehmann patent, No. 567,277.

In Equity. Suits for infringement of patents. On final hearing.

Clifton V. Edwards, Esq., for complainants.

C. W. Miles and Seymour, Seymour & Harmon, for defendants.

THOMAS, District Judge. The above actions involve the validity and infringement of claims 1, 4, and 5 of letters patent No. 533,207, and claims 1 to 5, inclusive, of letters patent No. 533,208, issued to

William H. Campbell, January 29, 1895, and now owned by the complainants. Letters patent No. 533,207 relate to "automatic cigar-tip cutters of the class in which a releaser is operated by the insertion of a cigar in a tip hole to disengage stops and free a spring-driven rotary blade." The specification states:

"A cutter of this class is shown in my application for letters patent filed June 16, 1894, serial No. 514,729, in which cutter a depressible frame has a cutting blade, a releaser fixed to the frame opposite to the tip hole, and a stop fixed to the frame, engaging a fixed stop carried by the casing, and disengaged when the frame is moved inwardly by pressure of a cigar on the releaser. My present invention aims to provide an improved cutter of the class having a rotating cutter frame, to the end that such cutters may be rendered more effective in operation and convenient of construction. To this end I construct the rotary cutter frame with a nose or stop carried by the frame, and engaging a stop carried by the casing, and with a releaser bar carried by and movable relatively to the rotary frame for disengaging said stops; and I provide certain detail improvements which will be hereinafter fully set forth."

Serial No. 514,729 refers to letters patent No. 533,208. In the device covered by that patent the stop on the side of the revolving frame engages a stop on the inner side of the casing while the machine awaits use. When a cigar is pressed through the tip hole in the casing, the whole frame is pressed downward, thus disengaging the stop, and the frame revolves, carrying the cutter with sufficient force, derived from a spring, to cut the end of the cigar. It is not necessary to determine the validity of this patent (No. 533,208), inasmuch as the machine used by the defendants is essentially different in the combination of parts and in their operation, and does not infringe. Therefore attention may be devoted entirely to letters, patent No. 533,207, from which the quotation above was taken. The claims alleged to be infringed are as follows:

"(1) In a cigar-tip cutter, a casing having a tip hole, a rotary cutter in said casing moving past said hole, a rotary frame carrying said rotary cutter, means for driving said frame, a fixed stop carried by said casing, a stop engaging said fixed stop carried by and movable relatively to said rotating frame, and a bar carried by and movable relatively to said rotating frame, opposite said tip hole, connected to said movable stop, and moved by the insertion of a cigar in said hole, and, when moved, moving said movable stop free from said fixed stop, all combined and arranged substantially as and for the purpose set forth."

"(4) In a cigar-tip cutter, a casing having a tip hole, a rotary cutter moving past said hole, and means for rotating the rotary cutter, in combination with a stationary stop on said casing, and a movable latch carried by said cutter, moving substantially radially thereof, engaging said stop to prevent rotation of the rotary cutter, and moved out of engagement with said stop when a cigar is inserted in said hole, whereby the cutter is then permitted to rotate, and cut the cigar.

"(5) In a cigar-tip cutter, a rotary frame, F, a cutter blade carried thereby, a latch bar, M, carried by said frame, and projecting exteriorly thereof, said frame having a slot, O, through which said latch bar projects, a stop, N, fixed to the casing and engaged by the projecting end of said latch, and a spring pressing said latch into position for engagement with said stop."

These claims are for a combination of parts, each in itself old, but differing from every previously known device for cutting cigar tips at least in this: that the stop, which engages a fixed stop on the casing, is carried by and is movable relatively to a rotary frame. Such movable stop is at the end of "a bar carried by and movable

relatively to said rotating frame." The end of the cigar is passed through a hole in the casing, and is pressed upon a bar, which is carried across a rotating frame, so as to depress the same and disengage it from the fixed stop on the casing. In no previous device for cutting the tips of cigars is this depressible latch found carried on a movable wheel or frame, and the evidence shows that the improvement in the art in this respect is attributable to Campbell. The defendants employ a machine which is claimed to be constructed under and in accordance with letters patent No. 567,277, granted to Charles Lehmann and Edward Brunhoff, September 8, 1896. This machine, like that of the complainants, has a casing with tip hole, a rotary frame carrying a rotary cutter, a spring power for driving the machinery, two stops on the casing, instead of one, as described in the complainants' machine, and two stops on the rotary frame or wheel movable relatively thereto. Mr. Brunhoff, one of the patentees of the defendants' machine, gave the following evidence on his direct examination:

"Q. 24. Please compare the Campbell cutter as disclosed in patent No. 533,-207, and 'complainants' exhibits, model of complainants' patent, with the defendants' cutter, as embodied in complainants' model, defendants' cigar cutter,' and patent No. 567,277, granted to Brunhoff & Lehmann, September 8, '96? A. They are similar in having the conventional spring and spring shaft, gearing, cutters, and means for operating the same. On the Campbell manufacture patent, 533,207, I find the knives fastened on two disks forming a spool, and on one side in one of the disks a long latch bar is hinged on a pivot and carried clear across the spool, or you might call it rotating cutter frame, and engaging upon the other side in a recess. This recess is there to allow this latch to be depressed. There is a projection to this latch, called a 'nose,' which engaged a fixed stop rigidly to the outer casing of the machine, substantially as specified in the description of their patent. In our cutter and patent—for one conforms to the other—we have a knife block instead of such a spool, which is entirely solid, excepting for a hole being drilled radially through this knife block; and in this hole we set a boss resting upon a spring. This boss has ears or lugs projecting from it, and through the sides of our knife block, so as to engage on either side with rigid stops fastening on the cover plate, through which the cigar is inserted. This knife block and knife acting like a dog in cutting off the cigar with its boss for releasing are substantially the features of our cigar cutter, which we have manufactured right along, and patented,—No. 567,277."

So that it seems that in one case the cigar presses upon a bar carried by a revolving frame, thus disengaging the latch, and allowing the frame to revolve, and so carrying the knife as to perform the desired office, while in the other case the cigar rests upon a boss or stud, which is sunk into the solid power wheel, and thereby the boss is disengaged from a stop on the casing, and the solid wheel revolves. Notwithstanding the differences in the mechanisms as above described by Brunhoff, the defendants have involved in their machine the essential elements of the complainants' combination. The function performed by each part is the same, and the result of the combined parts is the same, and, if the complainants' device shows invention, there is apparent infringement. The defendants lay stress upon the ears or lugs projecting from the boss as differentiating their combination, but it is understood that such lugs are simply to reinforce and strengthen the stops.

It is urged that the complainants' machine is not patentable, because it is without utility, so far as the movable latch is concerned, in that it simply changes the latch from the casing to the frame. But the location of the latch on the wheel appeared so important and useful to the defendants as to cause them to change from their first device, where the latch was on the casing, to the machine now used by them, where the latch is carried on the wheel, as described. Unless there was some utility and decided advantage in such change, either in decreased expense, compactness, or facility of operation, why did the defendants make it? This change of itself shows utility in the estimation of the defendants, and the court may adopt their judgment. While the complainants' rights under their letters are narrow, yet the defendants' machine, changed in form, contains its essential elements, with nothing added which materially changes the mode or method of operation, and at least infringes claim 4 of letters patent No. 533,207. The complainants' device shows sufficient improvement in the art to amount to invention, and they should have a decree for an injunction and accounting, with costs.